## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

EDWARD EUGENE MAYBERRY, JR.                                 PLAINTIFF

V.                                 5:10CV00307 JLH/JTR

ARKANSAS DEPARTMENT OF CORRECTION, et al.            DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States Chief

District Judge J. Leon Holmes. Any party may serve and file written objections to this

recommendation. Objections should be specific and should include the factual or

legal basis for the objection. If the objection is to a factual finding, specifically

identify that finding and the evidence that supports your objection. An original and

one copy of your objections must be received in the office of the United States District

Clerk no later than fourteen (14) days from the date of the findings and

recommendations. The copy will be furnished to the opposing party. Failure to file

timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the

United States District Judge, you must, at the same time that you file your written

objections, include a "Statement of Necessity" that sets forth the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence to be proffered at the requested hearing
before the United States District Judge was not offered at
the hearing before the Magistrate Judge.

3.     An offer of proof setting forth the details of any testimony
or other evidence (including copies of any documents)
desired to be introduced at the requested hearing before the
United States District Judge.

From this submission, the United States District Judge will determine the necessity

for an additional evidentiary hearing, either before the Magistrate Judge or before the

District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## I. Introduction

In this § 1983 action, Plaintiff alleges that Defendants violated his Eighth

Amendment rights when they failed to protect him from being attacked by other

inmates.  *See* docket entry #1.

Defendants have filed a Motion for Summary Judgment, a Brief in Support, and

a Statement of Undisputed Facts.  *See* docket entries #21, #22, and #23.  Plaintiff's

counsel has informed the Court that he does not wish to file a Response.[1]  Thus, the

following facts, as set forth in Defendants' Statement of Undisputed Facts, are deemed

admitted pursuant to Local Rule 56.1(c).

1.      In October of 2007, Plaintiff was a convicted prisoner housed in Two

Barracks in the Randall Williams Unit of the Arkansas Department of Correction

("ADC").  *See* docket entry #23.

2.      On October 22, 2007, Plaintiff told three correctional officers, who are

no longer Defendants in this action, that inmate Boyd in Two Barracks threatened to

beat him.[2]  *Id.*

3.      Around 5:30 p.m. that evening, the three correctional officers moved

Plaintiff to One Barracks, which allegedly contained several of inmate Boyd's close

---

[1]  On April 3, 2012, the Court entered an Order giving Plaintiff fourteen days
to file a Response to Defendants' Motion for Summary Judgment.  *See* docket entry
#24.  On April 20, 2012, Plaintiff's attorney informed the Court, by email, that he did
not wish to file a Response.

[2]  The three correctional officers are Sergeant Lymon, Sergeant Kitchens, and
Lieutenant McCormick.  *See* docket entry #1.  On April 19, 2011, the Court dismissed
these Defendants, without prejudice, because Plaintiff failed to serve them. *See* docket
entry #8.  On April 28, 2012, Plaintiff filed a new failure to protect lawsuit based on
the October 22, 2007 beating. *See Mayberry v. Lyman*, 5:12CV00136 JLH/JTR.  As
Defendants, he has named Sergeant Lyman, Sergeant Kitchens, and Lieutenant
McConnell.  *Id.*

friends.[3]  *Id.*

4.      That night, at approximately 10:30 p.m., Plaintiff was severely beaten by several prisoners in One Barracks. *Id.*

5.      Defendant Ray Hobbs is the Director of the ADC.  *Id.*  He was not present at the Randall Williams Unit on October 22, 2007.  *Id.*  Similarly, Defendant Hobbs did not participate in, nor was he aware of, the decision to move Plaintiff to One Barracks.  *Id.*

## II.  Discussion

### A.      Defendant Arkansas Department of Correction

Plaintiff has named the ADC as a Defendant.  *See* docket entry #1.  It is well settled that a § 1983 claim cannot be brought against a state department of corrections. *See Brown v. Mo. Dept. of Corr.,* 353 F.3d 1038, 1041 (8th Cir. 2004); *Walker v. Mo. Dept. of Corr.*, 213 F.3d 1035, 1036 (8th Cir. 2000).  Thus, Defendant ADC should be dismissed, with prejudice.

### B.      Defendant Ray Hobbs

Defendant Hobbs raises three grounds for summary judgment. *See* docket entries #21 and #22.  The Court will address each of those grounds separately.

---

[3]At that time, Plaintiff alleges that one of the three correctional officers told the prisoners in One Barracks that Plaintiff was a "snitch."  *See* docket entry #23 at ¶ 8.

### 1.     Sovereign Immunity

Plaintiff has named Defendant Ray Hobbs only in his official capacity.  *See* docket entry #1 at ¶ 5.  By way of relief, Plaintiff seeks monetary damages, as well as "injunctive relief to prevent the reoccurrence of the misconduct alleged in the complaint."  *See* docket entry #1 at ¶ 51(c).

The doctrine of sovereign immunity prohibits Plaintiff from obtaining monetary damages from Defendant Hobbs, in his official capacity.  *See Larson v. Kempker*, 414 F.3d 936, 939 (8th Cir. 2005); *Murphy v. State of Ark.,* 127 F.3d 750, 754-55 (8th. Cir. 1997); *Nix v. Norman*, 879 F.2d 429, 432-33 (8th Cir. 1989).  Thus, Plaintiff's request for monetary damages should be dismissed, with prejudice.

### 2.     Mootness

Sovereign immunity does *not* bar Plaintiff from obtaining injunctive relief against Defendant Hobbs, in his official capacity.  *Id.*  However, when Plaintiff filed the Complaint, on October 21, 2010, he had already been transferred from the Randall Williams Unit to the Grimes Unit.[4]  *See* docket entry #1 at ¶ 3.  Thus, his request for injunctive relief against Defendant Hobbs was and is moot.  *See Owens v. Isaac,* 487 F.3d 561, 564 (8th Cir. 2007) (holding that a prisoner's claim for injunctive relief to

---

[4]  Sometime after he filed the Complaint, Plaintiff was released from the ADC. *See* ADC website, www.adc.arkansas.gov.

improve prison conditions is  moot when he is transferred to another facility and no longer subject to those conditions); *Smith v. Hundley,* 190 F.3d 852, 855 (8th Cir. 1999) (same).  Accordingly, Plaintiff's claim for injunctive relief against Defendant Hobbs should be dismissed, with prejudice.

### 3.    Respondeat Superior Liability

In a § 1983 action, a supervisor, such as Defendant Hobbs, may not be held vicariously liable for the constitutional violations of his subordinates on a respondeat superior theory.  *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010); *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (holding  that the "general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support [§ 1983] liability").  Instead, a prisoner must demonstrate that the supervisor, through his own actions, directly participated in the constitutional violation.  *Id.; see also Johnson v. Blaukat*, 453 F.3d 1108, 113 (8th Cir. 2006).

It is *uncontested* that Defendant Hobbs was not present at the Randall Williams Unit on October 22, 2007.  Similarly, it is *undisputed* that Defendant Hobbs did not participate in, nor was he aware of, the decision to move Plaintiff to One Barracks, where he was attacked.  Finally, Plaintiff has failed to come forward with *any evidence* establishing that Defendant Hobbs was otherwise aware of, but disregarded,

a substantial risk of serious harm to Plaintiff.  *See Holden v. Hirner*, 663 F.3d 336, 341-42 (8th Cir. 2011) (holding that, to defeat summary judgment on a failure to protect claim, a prisoner must present evidence demonstrating that, subjectively, the defendants knew of and disregarded a substantial risk of serious harm);  *Schoelch v. Mitchell,* 625 F.3d 1041, 1046 (8th Cir. 2010) (same). Thus, Defendant Hobbs is entitled to judgment, as a matter of law, on the failure to protect claim Plaintiff has raised against him, and that claim should be dismissed, with prejudice.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED that Defendants' Motion for Summary Judgment (docket entry #21) be GRANTED, and this case be DISMISSED, WITH PREJUDICE.

Dated this <u>1st</u> day of May,  2012.

_____
UNITED STATES MAGISTRATE JUDGE